UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

*Electronically Filed*

| | |
|---|---|
| ROBERT KLEN, )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>)<br>DIVIDEND SOLAR FINANCE, LLC, )<br>)<br>  Defendant. )<br>)<br>) | ADVERSARY PROCEEDING NO.:<br>_____<br><br>Removed from the 268th District Court of<br>Fort Bend County, Texas |

**NOTICE OF REMOVAL**

TO THE CLERK OF THE ABOVE TITLED COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that Defendant Dividend Solar Finance, LLC ("Dividend"), by counsel, hereby removes to this Court, with full reservation of all defenses, the state court action entitled *Robert Klen v. Dividend Solar Finance, LLC*, pending in the 268th District Court, Fort Bend County, Texas, Case No. 23-DCV-303577 (the "Civil Action"). In support of this removal, Dividend states as follows:

**BASIS FOR REMOVAL**

1. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1334(b), because this action is a civil proceeding related to a case filed by Power Home Solar, LLC d/b/a Pink Energy (the "Debtor") under Title 11, specifically *In re Power Home Solar, LLC*, Case No. 22-50228 (the "Bankruptcy Case") in the United States Bankruptcy Court for the Western District of North Carolina, Charlotte Division (the "North Carolina Bankruptcy Court").

1

Consequently, the action may be removed to this Court pursuant to 28 U.S.C. § 1452(a) for determination of a Motion to Transfer Venue to the North Carolina Bankruptcy Court, which, Dividend submits, is the appropriate arbiter of the Civil Action for the reasons set forth below.

2.      In the Civil Action, Robert Klen (the "Plaintiff") alleges claims for common law fraud, conspiracy for fraud, fraud in real estate transaction, negligent misrepresentation, and unjust enrichment. (*See* Exhibit A, Petition). Plaintiff's claims are based on factual allegations that the Debtor engaged in fraud, deception, and made numerous misrepresentations in selling a solar panel system to Plaintiff.  (*See, e.g.*, Exhibit A ¶¶ 9, 13-16). Plaintiff further alleges that the Debtor referred Plaintiff to Dividend to finance the solar panel system. (*See* Exhibit A ¶ 10). The Debtor is the central actor and alleged tortfeasor in the Civil Action, and is a party that is central and necessary to the Civil Action. Therefore, removal to this Court and transfer to the North Carolina Bankruptcy Court is proper.

3.      As an additional ground for removal, the Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. Federal district courts have original jurisdiction over civil actions between citizens of different states when the matter in controversy exceeds $75,000, exclusive of interests and costs. *See Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003). For purposes of diversity jurisdiction, an individual's "citizenship has the same meaning as domicile, and the place of residence is prima facie the domicile." *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (internal quotation omitted). The citizenship of a limited liability company is determined by the citizenship of all of its members for purposes of diversity jurisdiction. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). "For purposes of federal diversity jurisdiction, a corporation is deemed to be a citizen of any state

by which it has been incorporated and of the state where it has its principal place of business." *Beran v. World Telemetry, Inc.*, 747 F. Supp. 2d 719, 721 (S.D. Tex. 2010).

4. Complete diversity exists between the parties in this case both at the time the Petition was filed and at the time of removal. Plaintiff is an individual citizen and legal resident of the State of Texas, and therefore, is a citizen of Texas for purposes of diversity jurisdiction. (*See* Exhibit A at ¶ 2). As evidenced by Dividend's Corporate Disclosure Statement, a copy of which is attached hereto as Exhibit D, Dividend is a limited liability company organized under the laws of Delaware and a wholly-owned subsidiary of DS Global Holdings, LLC. DS Global Holdings, LLC is a limited liability company organized under the laws of Delaware and a wholly-owned subsidiary of Dividend Solar, Inc. Dividend Solar, Inc. is a foreign corporation incorporated under the laws of Delaware with its principal place of business in the State of California. (*See* Exhibit D). Therefore, Dividend is a citizen of Delaware and California for purposes of diversity jurisdiction. *See P2Es Holdings, LLC v. Trinity Petro. Mgmt., LLC*, No. 4:22-cv-03002, 2023 U.S. Dist. LEXIS 23622, at *4 (S.D. Tex. Feb. 13, 2023) ("When members of a limited liability entity are themselves entities or associations, citizenship must be traced through however many layers of members there are until arriving at the entity that is not a limited liability entity and identifying its citizenship status.").

5. Moreover, the amount in controversy in this action exceeds the jurisdictional limit. Specifically, in the Petition, Plaintiff seeks $2,656.06 paid under the Loan and Security Agreement, dissolution of the Loan and Security Agreement, out-of-pocket expenses, including but not limited to additional payments on the Loan and Security Agreement, stating that the total payments amount to $96,749.43, loss of credit and damage to credit reputation, exemplary damages, multiple damages under Section 17.50(b)(1) of the Texas Business and Commerce Code,

and attorneys' fees under Sections 17.50(d), and 27.01 of the Texas Business and Commerce Code, and Section 37.009 of the Texas Civil Practice and Remedies Code. (*See* Exhibit A ¶¶ 5, 11, 24, 26, 31, 32, 35-36). It is more likely than not that this amount surpasses the jurisdictional threshold as the total sum of those requested damages is more than $75,000.00, and therefore the "amount in controversy" requirement of § 1332 is satisfied. Where, as here, a plaintiff claims an unspecified amount of damages, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy is adequate." *Felton*, 324 F.3d at 773. "To satisfy the preponderance standard, the removing defendant may support federal jurisdiction either by establishing that it is "facially apparent" that the claims probably exceed $75,000 or by establishing the facts in controversy in the removal petition or an accompanying affidavit to show that the amount-in-controversy is met." *Id*.

   6.   Plaintiff seeks monetary relief in the amount of $2,656.06, an amount representing the value of the loss to Plaintiff's credit reputation, as well as out-of-pocket expenses, including additional payments on the Loan and Security Agreement. (*See* Exhibit A ¶¶ 5, 32). Plaintiff's Loan and Security Agreement, a copy of which is attached hereto as Exhibit E, states that the amount financed is $67,630. The Loan and Security Agreement also contains a finance charge of $29,119.43, bringing the total payments stated in the Loan and Security Agreement to a total of $96,749.43. (*See* Exhibit E). The total amount financed may serve to bring the amount in controversy over $75,000. *See Merritt v. Ocwen Loan Servicing, LLC*, No. 6:19-CV-106-JDK, 2019 U.S. Dist. LEXIS 244543, at *9 (E.D. Tex. June 6, 2019) (in an action to cancel and declare a loan illegal, the value of the loan may be included to bring the amount in controversy over the $75,000 jurisdictional threshold); *see also Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983) (the value of the debt the plaintiff seeks to cancel may be included in the amount in

4

controversy). Plaintiff's claims for exemplary damages, multiple damages, and statutory attorneys' fees also serve to bring the amount in controversy over the jurisdictional threshold. *See Smith v. Allstate Tex. Lloyds*, No. 4:12cv486, 2012 U.S. Dist. LEXIS 187287, at *6 (E.D. Tex. Dec. 21, 2012) ("In determining whether the amount in controversy meets the jurisdictional limit, attorney's fees and exemplary damages can be considered."); *see also Benavides v. Blue Cross Blue Shield of Tex.*, No. 1:12-CV-132, 2012 U.S. Dist. LEXIS 194895, at *7 (S.D. Tex. Oct. 2, 2012) (same). Indeed, Section 17.50(b)(1) of the Texas Business and Commerce Code under which Plaintiff requests multiple damages allows an award of three times the amount of economic damages. See Tex. Bus. & Com. Code Ann. § 17.50(b)(1); *see also Theriot v. Transamerica Life Ins. Co.*, 354 F. Supp. 3d 713, 720 (E.D. Tex. 2017) (an award of treble damages under Section 17.50(b)(1) of the Texas Business and Commerce Code were included in the amount in controversy). For all the foregoing reasons, the Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and removal is proper pursuant to 28 U.S.C. § 1441.

7. Dividend consents to entry of a final order by the Bankruptcy Court.

## THE REQUEST FOR REMOVAL IS TIMELY

8. Dividend was served on May 22, 2023 with a Petition in the Civil Action. A true and correct copy of the entire record in this action, including the Petition, is attached hereto as Exhibit C.

9. The documents attached hereto as Exhibit C constitutes all process, pleadings, and orders served on Dividend in the Civil Action.

10. This removal is timely pursuant to 28 U.S.C. § 1446(b), 28 U.S.C. § 1452, and Rule 9027(a)(3) of the Federal Rules of Bankruptcy Procedure because the removal occurred within thirty (30) days of service of the Petition. Dividend has not responded to the Petition.

5

## **BANKRUPTCY JURISDICTION IS ESTABLISHED HERE**

11.     Dividend has a statutory right to remove the Civil Action under 28 U.S.C. § 1452(a). Pursuant to 28 U.S.C. § 1452(a), "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a).

12.     Under 28 U.S.C. § 1334, the District Court, and by reference the Bankruptcy Court, has "jurisdiction of all civil proceedings arising under Title 11, or arising in or *related to* cases under Title 11." 28 U.S.C. § 1334(b) (emphasis added); *see also Randall & Blake, Inc. v. Evans (In re Canion)*, 196 F.3d 579, 587 (5th Cir. 1999) (a claim between two non-debtors that will potentially reduce the bankruptcy estate's liabilities produces an effect on the estate sufficient to confer 'related to' jurisdiction). Direct removal to this Court is proper under the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Rule 9027(a)(1) of the Bankruptcy Rules provides that removal "shall be filed with the clerk for the district and division within which is located the state . . . court where the civil action is pending" and Rule 9001(3) defines the "clerk" as the bankruptcy clerk. Fed. R. Bankr. P. 9027(a)(1); 9001(3); *see also Solomon v. Smith (In re Moody)*, 41 F.3d 1024, 1027 (5th Cir. 1995).

13.     Pursuant to 28 U.S.C. § 102, the venue and proceeding assignment for this case are proper in the Southern District of Texas, Houston Division.

14.     Removal is proper without the consent of any other party. *See Creasy v. Coleman Furniture Corp.*, 763 F.2d 656, 660 (4th Cir. 1985) ("Under the bankruptcy removal statute, however, any one party has the right to remove the state court action without the consent of the other parties.").

15. "Once a timely request is made in the Bankruptcy Court and a copy of the application for removal is filed in the District Court, removal is automatic." *See J.P. Morgan Chase Bank, N.A. v. Del Mar Props., L.P.*, 443 S.W.3d 455, 460 (Tex. App. 2014).

16. The Civil Action is properly removed to this Court because it is "related to" the Bankruptcy Case and Dividend intends to seek the transfer of the Civil Action to the North Carolina Bankruptcy Court, where the Bankruptcy Case is pending by separate motion. As grounds for that motion, Dividend submits that "[a]n action is "'related to' bankruptcy if the outcome could alter, positively or negatively, the debtor's rights, liabilities, options, or freedom of action or could influence the administration of the bankrupt estate." *Edge Petroleum Operating Co. v. GPR Holdings, L.L.C. (In re TXNB Internal Case)*, 483 F.3d 292, 298 (5th Cir. 2007) (citing *Feld v. Zale Corp. (In re Zale Corp.)*, 62 F.3d 746, 752 (5th Cir. 1995)). The test for whether a proceeding properly invokes federal "related to" jurisdiction is whether the outcome of the proceeding could conceivably affect the estate being administered in bankruptcy." *Id*. "Certainty, or even likelihood of such an effect is not a requirement." *Arnold v. Garlock, Inc.*, 278 F.3d 426, 434 (5th Cir. 2001). This test is satisfied here, and the Civil Action is "related to" the Bankruptcy Case.

17. The Civil Action is "related to" the Bankruptcy Case because the Civil Action could conceivably alter the Debtor's rights, liabilities, or options in the Bankruptcy Case or otherwise impact the administration of the Bankruptcy estate. In fact, the Civil Action likely will alter the Debtor's rights, liabilities, or options in the Bankruptcy Case or otherwise impact the administration of the Bankruptcy estate. The jurisdictional grant in § 1334 is extraordinarily broad. *See id*. Further, actions between third-parties may be related to bankruptcy when the outcome may reduce damages in a claim against the bankruptcy estate. *See LSREF2 Baron, LLC v. Aguilar*, Civil Action No. 3:12-cv-1242-M, 2013 U.S. Dist. LEXIS 8657, at *7 (N.D. Tex. Jan. 18, 2013). Here,

Dividend has filed claims against Debtor in the Bankruptcy Case that are related to this action based on a broad indemnity agreement between Dividend and the Debtor that may be increased or decreased based on the outcome of the Civil Action. A copy of Dividend's proof of claim is attached hereto as Exhibit F.

18. The Petition in the Civil Action alleges that Dividend is liable to Plaintiff under state law for all of the acts and omissions of the Debtor. (*See* Exhibit A at ¶ 23). Among other things, the Petition alleges that the Debtor:

    a. misrepresented that Plaintiff "could expect large savings on his electricity/utility bill as a result of the solar panel systems being installed." (Exhibit A, ¶ 13);

    b. misrepresented that the solar power would "provide the majority of the energy needed/used by the consumer's home and sometimes overproduce resulting in credits from the power companies." misrepresented that Plaintiff "could expect large savings on his electricity/utility bill as a result of the solar panel systems being installed." (*Id.*);

    c. installed the solar panel systems incorrectly (*Id.* at ¶ 14); and

    d. engaged in civil conspiracy by committing unlawful overt acts with "intent to inflict injury upon Plaintiff" (*Id.* at ¶ 23).

19. The Debtor is the central actor and alleged tortfeasor in the Civil Action, and is a party that is central and necessary to the Civil Action.

20. The Debtor is liable to Dividend for contribution and/or indemnity claims arising from the Civil Action and pursuant to an indemnity agreement between Dividend and the Debtor. A contribution or indemnity claim against the Debtor may serve as the basis for "related to"

jurisdiction as it may have a "conceivable effect" on the bankruptcy estate. *See Collins v. Sidharthan (In re KSRP, Ltd.)*, 809 F.3d 263, 267 (5th Cir. 2015) (contractual indemnity claims passes muster).

21. The allegations in the Petition are substantially related to questions of law and fact regarding the conduct of bankruptcy proceedings, as well as the propriety of actions taken in the course of such proceedings. Consequently, this Court and ultimately the North Carolina Bankruptcy Court have original jurisdiction over this action pursuant to 28 U.S.C. §§ 1334(a) and (b), which grant the district courts original jurisdiction over all matters under Title 11 of the United States Code, which governs bankruptcy cases.

## ADDITIONAL PROCEDURAL REQUIREMENTS FOR REMOVAL

22. The Bankruptcy Case is currently pending in the United States Bankruptcy Court for the Western District of North Carolina, Charlotte Division. *See In re Power Home Solar, LLC*, Case No. 22-50228.

23. The Civil Action is therefore one over which the United States Bankruptcy Court for the Western District of North Carolina has jurisdiction, and this action may be removed to this Court by Dividend pursuant to 28 U.S.C. § 1452 and Rule 9027(a)(1) of the Federal Rules of Bankruptcy Procedure.

24. A Notice of Filing Notice of Removal to Federal Court will be filed and served today in the Civil Action. A true and correct copy of that Notice of Filing is attached as Exhibit B.

25. A true and accurate copy of the Civil Action docket showing all documents previously filed in the removed case is attached as Exhibit C. As demonstrated by Exhibit C, Dividend has filed copies of all documents previously filed in the removed case as Exhibit A.

26.     Defendant intends no admission of fact, law, or liability by this Notice, and reserves all defenses, motions, and pleas.

## CONCLUSION

Wherefore, *Robert Klen v. Dividend Solar Finance, LLC*, pending in the 268th District Court, Fort Bend County, Texas, Case No. 23-DCV-303577, is hereby removed to the United States Bankruptcy Court for the Southern District of Texas pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure, subject to a motion to transfer to the United States Bankruptcy Court for the District of North Carolina Charlotte Division, and to be assigned to the judge presiding over Bankruptcy Case No. 22-50228, as a related case thereto.

Respectfully submitted,

*/s/ Reid T. Hudgins*
**REID T. HUDGINS**
Texas Bar No. 24092544
rhudgins@hartlinebarger.com
**HARTLINE BARGER LLP**
8750 North Central Expressway, Suite 1600
Dallas, Texas 75231
(214) 369-2100 (telephone)
(214) 369-2118 (facsimile)

*Attorney for Defendant*
*Dividend Solar Finance, LLC*

## CERTIFICATE OF SERVICE

  I hereby certify that on this 12th day of June, 2023, the foregoing was electronically filed through the Court's CM/ECF system and a copy served via the Court's CM/ECF system and by electronic mail upon:

Jacques A. Roussel
Bar No. 24127140
Moster Craft, P.C.
4920 South Loop 289, Suite 101
Lubbock, TX 79414
jroussel@mostercraft.com
Phone: (806) 778-6486
Facsimile: (866) 302-7046

*Attorney for Plaintiff*

                /s/ *Reid T. Hudgins*